FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 24  AM 11: 31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 99-85 |
| FRANCISCO ALEXIS ROMERO | * | SECTION "L" |

### ORDER AND REASONS

Before the Court is the Motion to Eliminate Enhancements and Reduce Sentence of Defendant Francisco Alexis Romero. For the following reasons, the motion is DENIED.

### I. Factual and Procedural Background

On March 19, 1999, Defendant Francisco Alexis Romero and Co-Defendants Juan Santos Rodriguez and Carlos Auturo Rivas were indicted for conspiracy to import cocaine hydrochloride and for attempted possession with intent to distribute cocaine. Count 1 of the indictment charged the defendant with knowingly and intentionally conspiring to import cocaine, and Count 2 alleged knowing and intentional attempted possession with intent to distribute cocaine.

During a June 30, 1999 trial, a jury acquitted Mr. Romero of attempted importation pursuant to Count 1, but found him guilty of attempted possession with intent to distribute according to Count 2. Defendant moved several times for a mistrial and for a judgment of acquittal, and the Court denied those motions in 1999.

On September 29, 1999, this Court sentenced Mr. Romero to a term of imprisonment of 210 months, with a term of supervised release of five years. Mr. Romero appealed his conviction to the Fifth Circuit Court of Appeals, and, on November 9, 2000, the Fifth Circuit affirmed Mr. Romero's conviction. Since 2000, until the present motion, Mr. Romero has taken

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

no further steps to attack his conviction or sentence: he filed no writ of certiorari, and has filed no § 2255 petition in this Court. On December 8, 2005, Mr. Romero filed the instant motion, and is proceeding *pro se*.

## II. Defendant's Motion to Eliminate Sentence Enhancements and Reduce Sentence

The procedural basis for Mr. Romero's motion is unclear. Mr. Romero refers to a one-year deadline to file this motion, and cites to *Dodd v. United States*, 124 S.Ct. 2478 (2005). This could mean that the Defendant intends this Court to review his claims as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Indeed, Section 2255 is the usual means of collaterally attacking a federal sentence, and "is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. U.S.*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotations omitted).

When reviewing a *pro se* motion, the district court is especially obligated to consider whether the motion presents any basis for relief. *See Clymore v. U.S.*, 217 F.3d 370, 373 (5th Cir. 2000). However, the Court need not decide whether Mr. Romero's motion should be construed as a § 2255 motion because the Court finds that it presents no basis for relief.

Mr. Romero argues that his sentence should be reduced or set aside in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005), in which a majority of the Court found that any fact which is necessary to support a sentence exceeding the maximum authorized by the facts established by a jury verdict or a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The case law of the Fifth Circuit dictates that the rule of *Booker* cannot applied retroactively on collateral review. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

This means that the *Booker* rule does not apply to defendants whose convictions became final prior to January 12, 2005, the date on which the U.S. Supreme Court decided *Booker*.

Mr. Romero's conviction became final in February 2001, ninety days after the Fifth Circuit affirmed this Court's denial of Mr. Romero's motion for acquittal and/or mistrial. *See U.S. v. Gentry*, -- F.3d --, 2005 WL 3317891 at *6 n.2 (5th Cir. Dec. 8, 2005) (stating that a conviction becomes final ninety days after an appeal is dismissed, if no writ of certiorari is sought or granted). Therefore, the *Booker* rule cannot be applied retroactively to Mr. Romero's sentence. Because the Court finds no other avenue of relief for Mr. Romero, his motion must be denied.

## III. Conclusion

Accordingly, Defendant's Motion to Eliminate Sentence Enhancements and Reduce Sentence is hereby DENIED.

New Orleans, Louisiana, this 23 day of February, 2006.

UNITED STATES DISTRICT JUDGE

3