UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| versus | * | NO. 99-85 |
| FRANCISCO ALEXIS ROMERO | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is the Defendant's Writ of Audita Querela (R. Doc. 156). The Court has reviewed the submitted memoranda and the applicable law and now issues this Order and Reasons.

## I. Factual and Procedural Background

On March 19, 1999, Defendant Francisco Alexis Romero and Co-Defendants Juan Santos Rodriguez and Carlos Auturo Rivas were indicted for conspiracy to import cocaine hydrochloride and for attempted possession with intent to distribute cocaine. Count 1 of the indictment charged the defendant with knowingly and intentionally conspiring to import cocaine, and Count 2 alleged knowing and intentional attempted possession with intent to distribute cocaine.

During a June 30, 1999 trial, a jury acquitted Mr. Romero of attempted importation pursuant to Count 1, but found him guilty of attempted possession with intent to distribute according to Count 2. Defendant moved several times for a mistrial and for a judgment of acquittal, and the Court denied those motions in 1999.

On September 29, 1999, this Court sentenced Mr. Romero to a term of imprisonment of 210 months, with a term of supervised release of five years. Mr. Romero appealed his

1

conviction to the Fifth Circuit Court of Appeals, and, on November 9, 2000, the Fifth Circuit affirmed Mr. Romero's conviction. Mr. Romero took no further steps to attack his conviction or sentence: he filed no writ of certiorari, and filed no § 2255 petition in this Court. However, on December 8, 2005, Mr. Romero filed a pro se Motion to Eliminate Sentence Enhancements and Reduce Sentence. Without deciding whether the Motion should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the Court denied the Motion because *United States v. Booker*, 543 U.S. 220 (2005) does not apply to defendants, like Mr. Romero, whose convictions became final prior to January 12, 2005, when the United States Supreme Court decided *Booker*.

On January 26, 2009, defendant filed the instant Writ of Audita Querela (R. Doc. 156), in which he restates the constitutional arguments of his 2005 Motion. The Government opposes the Writ. (R. Doc. 158). The Government argues that the Writ is properly construed as a motion to vacate, set aside, or correct sentence, and that as such the Motion is time-barred because the defendant's conviction became final in 2000, making his Motion over eight years overdue. The Government also argues that this Court has already addressed the merits of defendant's claims in its previous Order and Reasons (R. Doc. 152).

**II. Defendant's Motion to Eliminate Sentence Enhancements and Reduce Sentence**

Section 2255 is the usual means of collaterally attacking a federal sentence, and "is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. U.S.*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotations omitted). "The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. It is an open question whether the obsolescent writ survives as a post-conviction

2

remedy." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). The writ is not available where § 2255 applies. *See id.*

When reviewing a *pro se* motion, the district court is especially obligated to consider whether the motion presents any basis for relief. *See Clymore v. U.S.*, 217 F.3d 370, 373 (5th Cir. 2000). However, as was the case with regard to Mr. Romero's 2005 Motion, the Court need not decide whether Mr. Romero's pleading should be construed as a § 2255 motion because the Court finds that it presents no basis for relief.

Mr. Romero restates his constitutional arguments for the retroactive application of *Booker* to his sentence. The Court has addressed these arguments in its previous Order and Reasons (R. Doc. 152), and they are without merit.

## III. Conclusion

Accordingly, **IT IS ORDERED** that Defendant's Writ of Audita Querela be and is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

3